IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Civil Action No. 1:07-CV-1361 (RMU) |

## ANSWER

The United States Department of Homeland Security ("DHS") hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the Complaint because Plaintiff has failed to exhaust its administrative remedies.

### SECOND DEFENSE

The Complaint is moot.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Answering the separate paragraphs of Plaintiff's Complaint, DHS states as follows:

1.      This paragraph contains Plaintiff's characterizations of this lawsuit to which no response is required. To the extent that a response is required, DHS denies that Plaintiff has

exhausted its administrative remedies and that DHS has improperly withheld any agency records, and avers that the Complaint is moot.

2. This paragraph contains Plaintiff's characterizations of this lawsuit to which no response is required. To the extent that a response is required, DHS admits that the regulations at 6 C.F.R. Part 5 govern Freedom of Information Act ("FOIA") requests made of DHS, but denies that it has violated the FOIA or its regulations or that Plaintiff is entitled to any relief.

3. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS admits the paragraph, but denies that Plaintiff has exhausted its administrative remedies and that DHS has improperly withheld any agency records, and avers that the Complaint is moot.

4. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

5. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

6. DHS denies that it has failed to comply with the FOIA. Defendant is without sufficient information to admit or deny the allegations in the remainder of the paragraph.

7. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

8. DHS admits the first sentence and denies the second sentence.

9. This paragraph contains Plaintiffs' characterization of a federal statute, 5 U.S.C. § 552, to which the Court is respectfully referred for a complete and accurate statement of its contents.

10. This paragraph contains Plaintiffs' characterization of a subsection of a federal statute, 5 U.S.C. § 552(a)(6)(A)(i), to which the Court is respectfully referred for a complete and accurate statement of its contents.

11. This paragraph contains Plaintiffs' characterization of a subsection of a federal statute, 5 U.S.C. § 552(a)(6)(A)(ii), to which the Court is respectfully referred for a complete and accurate statement of its contents.

12. This paragraph contains Plaintiffs' characterization of a subsection of a federal statute, 5 U.S.C. § 552(a)(6)(B), to which the Court is respectfully referred for a complete and accurate statement of its contents.

13. This paragraph contains Plaintiffs' characterization of two subsections of a federal statute, 5 U.S.C. § 552(a)(4)(A) and 5 U.S.C. § 552(a)(4)(A)(iii), and a federal regulation, 6 C.F.R. § 5.11, to which the Court is respectfully referred for a complete and accurate statement of their contents.

14. This paragraph contains Plaintiffs' characterization of a subsection of a federal statute, 5 U.S.C. § 552(a)(4)(B), to which the Court is respectfully referred for a complete and accurate statement of its contents.

15. This paragraph contains Plaintiffs' characterization of a subsection of a federal statute, 5 U.S.C. § 552(a)(4)(F), to which the Court is respectfully referred for a complete and accurate statement of its contents.

16. DHS admits that the referenced article was published in the New York Times on June 18, 2006, to which the Court is respectfully referred for a full and complete statement of its contents. The remainder of this paragraph contains Plaintiff's characterizations of the referenced

article to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's characterizations are accurate.

17. DHS admits that the referenced articles were published in the St. Paul Pioneer Press on June 18, 2006, The American Prospect in January 2006, and the Pittsburgh Post-Gazette on December 31, 2006, respectively, to which the Court is respectfully referred for a full and complete statement of their contents. The remainder of this paragraph contains Plaintiff's characterizations of the referenced articles to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's characterizations are accurate.

18. DHS admits that the referenced articles were published in The Washington Post on May 22, 2005, and US Fed News on May 18, 2006, to which the Court is respectfully referred for a full and complete statement of their contents. The remainder of this paragraph contains Plaintiff's characterizations of the referenced articles to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's characterizations are accurate.

19. This paragraph characterizes one of Plaintiff's FOIA requests located at Exhibit G of the Complaint, to which the Court is respectfully referred for a full and complete statement of its contents. DHS denies that the paragraph accurately reflects the FOIA request but admits that the Transportation Security Administration ("TSA") received the request.

20. Denied, except to admit that Plaintiff sought a waiver of fees.

21. Admitted.

22. Denied, except to admit that Plaintiff appealed TSA's denial of its request for a fee waiver.

23. DHS admits the first sentence. The second sentence contains a legal conclusion to which no response is required. To the extent that a response is required, DHS admits the second sentence.

24. This paragraph characterizes one of Plaintiff's FOIA requests located at Exhibit J of the Complaint, to which the Court is respectfully referred for a full and complete statement of its contents. DHS denies that the paragraph accurately reflects the FOIA request and affirmatively avers that Plaintiff sent the request to an incorrect address and that the U.S. Immigration and Customs Enforcement ("ICE") never received the request.

25. Denied.

26. Admitted.

27. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS denies the allegations in this paragraph.

28. This paragraph characterizes one of Plaintiff's FOIA requests located at Exhibit K of the Complaint, to which the Court is respectfully referred for a full and complete statement of its contents. DHS denies that the paragraph accurately reflects the FOIA request but admits that the U.S. Customs and Border Protection ("CBP") received the request.

29. Denied except to admit that Plaintiff sought a waiver of fees.

30. Admitted.

31. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS admits the paragraph.

32. This paragraph characterizes one of Plaintiff's FOIA requests located at Exhibit L of the Complaint, to which the Court is respectfully referred for a full and complete statement of

its contents. DHS denies that the paragraph accurately reflects the FOIA request but admits that the Federal Emergency Management Agency ("FEMA") received the request.

33. Denied except to admit that Plaintiff sought a waiver of fees.

34. Denied.

35. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS admits the paragraph.

36. This paragraph characterizes one of Plaintiff's FOIA requests located at Exhibit M of the Complaint, to which the Court is respectfully referred for a full and complete statement of its contents. DHS denies that the paragraph accurately reflects the FOIA request but admits that the U.S. Coast Guard ("Coast Guard") received the request.

37. Denied except to admit that Plaintiff sought a waiver of fees.

38. DHS admits the allegations of this paragraph and avers that Jeffrey A. Cross, Chief of Contracting, Civil Engineering Unit, Oakland, California, was not authorized by the Coast Guard to send said letter or documents to Plaintiff and that Mr. Cross was not assigned to respond to the other ten items in the request.

39. Admitted.

40. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS admits the paragraph.

41. This paragraph characterizes one of Plaintiff's FOIA requests located at Exhibit O of the Complaint, to which the Court is respectfully referred for a full and complete statement of its contents. DHS denies that the paragraph accurately reflects the FOIA request but admits that the U.S. Secret Service ("Secret Service") received the request.

42. Denied except to admit that Plaintiff sought a waiver of fees.

43. DHS admits the allegations of this paragraph, but avers that the FOIA request and the fee waiver issue is now moot.

44. Denied except to admit that Plaintiff appealed the Secret Service's denial of its request of a fee waiver.

45. DHS admits the allegations of this paragraph, but avers that the fee waiver issue is now moot.

46. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS admits the allegations in this paragraph.

47. Defendant reasserts and incorporates by reference its responses to all preceding paragraphs.

48. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS denies the allegations in this paragraph.

49. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS denies the allegations in this paragraph.

50. Denied.

51. Defendant reasserts and incorporates by reference its responses to all preceding paragraphs.

52. Denied.

53. Denied.

The remainder of the Complaint contains Plaintiffs' prayers for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief prayed for or to any relief whatsoever.

Defendant specifically denies each allegation of Plaintiff's Complaint not otherwise answered. Therefore, having fully answered the Complaint, Defendant prays judgment:

1. That Plaintiff is not entitled to the relief requested in its Complaint, or to any relief;

2. That judgment be entered for the Defendant and that this action be dismissed with prejudice;

3. That Defendant be awarded its costs of suit; and,

4. That Defendant be granted any and all other relief that the Court deems just and proper.

Dated August 29, 2007
Washington, D.C.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director
United States Department of Justice
Civil Division, Federal Programs Branch

*Elizabeth Jay Kelhoffer*
ELIZABETH JAY KELHOFFER, D.C. Bar # 476896
Trial Attorney
United States Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7324
Washington, D.C. 20001
Tel: (202) 514-4964
Fax: (202) 616-8470

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address:</u>
20 Massachusetts Ave., N.W., Room 7324
Washington, D.C. 20001

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 1:07-CV-1361 (RMU) |

### CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), Defendant's Answer was served on Plaintiff on August 29, 2007 by the Court's Case Management/Electronic Case Filing (CM/ECF) System.

_____
ELIZABETH JAY KELHOFFER